UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO.:   1:26-cv-8-GNS

*Electronically Filed*

MICHELE STANLEY                                                          PLAINTIFF

vs.                                   **<u>NOTICE OF REMOVAL</u>**

BUC-EE'S SMITHS GROVE, LLC, *et al.*                                    DEFENDANTS

** ** ** ** ** ** **

Comes the Defendant, Buc-ee's Smiths Grove, LLC ("Buc-ee's"), by counsel, and pursuant to 28 U.S.C. § 1446(a), hereby files this Notice of Removal.  As grounds for removal of this action, Defendant states as follows:

1.     On September 15, 2025 the Plaintiff, Michele Stanley ("Plaintiff"), commenced this civil action against Buc-ee's Smiths Grove, LLC, Buc-ee's Kentucky, LLC, Buc-ee's Holdings, Inc., and The Stewart/Perry Company, Inc. in the Commonwealth of Kentucky, Warren Circuit Court, designated therein as Civil Action No. 25-CI-001606.[1]  Pursuant to 28 U.S.C. § 1446(a), true and complete copies of the process, pleadings, and orders served upon Buc-ee's in this action, including Plaintiff's Complaint (the "Complaint"), are attached collectively as **Exhibit 1**.

2.     Plaintiff is an individual.  The Complaint alleges Plaintiff is, and has at all relevant times been, a citizen and resident of the State of Ohio.  [Complaint, **Exh.1**, ¶1.]

---

[1] Buc-ee's Kentucky, LLC and Buc-ee's Holdings, Inc. were dismissed without and with prejudice, respectively, via an Agreed Order, entered December 9, 2025 [*See* **Exh. 1**.]

3.      Defendant Buc-ee's Smiths Grove, LLC is, and has at all relevant times been, a limited liability company organized under the laws of the State of Delaware with a principal place of business of 327 FM 2004 Road, Lake Jackson, Texas, 77566. [See id. at ¶ 2; Kentucky Secretary of State Information for Buc-ee's Smiths Grove, LLC, attached as **Exhibit 2**].

4.      LLCs have the membership of each of their members and sub-members. Akno 1010 Mkt. St. St. Louis Missouri LLC v. Nahid Pourtaghi, 43 F.4th 624, 627 (6th Cir. 2022), citing Delay v. Rosenthal Collins Group, Inc., 585 F.3d 1003, 1005 (6th Cir. 2009).

5.      The sole member of Buc-ee's Smiths Grove, LLC is Buc-ee's, Ltd.

6.      Defendant Buc-ee's Ltd. is, and has at all relevant times been, a limited partnership organized under the laws of the State of Texas, with a principal place of business of 327 FM 2004 Road, Lake Jackson, Texas, 77566 [See Texas Franchise Tax Account Status of Buc-ee's, Ltd., attached as **Exhibit 3**].

7.      The citizenship of a limited partnership, for purposes of diversity jurisdiction, is the citizenship of each of its members, whether general or limited. Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 672 (6th Cir. 2004), citing Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990).

8.      The partners of Buc-ee's, Ltd. are Buc-ee's Management, LLC, a Texas limited liability company, and Buc-ee's Holdings, Inc., a corporation organized under the laws of Delaware with its principal place of business in Texas.

9.      Buc-ee's Holdings, Inc. is the sole member of Buc-ee's Management, LLC.

10.     For diversity purposes, corporations are deemed citizens of their state of incorporation and the state where their principal place of business is located. 28 U.S.C. § 1332(c)(1). Therefore, for purposes of diversity, Buc-ee's Holdings Inc. is a citizen of the States of Delaware and Texas.

11.    Buc-ee's Management, LLC also has the citizenship of the States of Delaware and Texas because Buc-ee's Holdings, Inc., its sole member, has the citizenship of those states.

12.    And because the citizenship of each of its partners is attributed to Buc-ee's, Ltd, Buc-ee's, Ltd. also has the citizenship of the States of Delaware and Texas.

13.    The citizenship of all of its members and sub-members is attributed to Buc-ee's Smiths Grove, LLC, so therefore Buc-ee's Smiths Grove, LLC also has the citizenship of the States of Delaware and Texas.

14.    Upon information and belief, Defendant, The Stewart/Perry Company, Inc. ("Stewart/Perry") is a corporation, organized under the laws of the State of Alabama, with a principal place of business of 4855 Overton Road, Birmingham, Alabama 35210. [See Compl. at ¶ 9, **Exh. 1**; Alabama Secretary of State Information for The Stewart/Perry Company, Inc., attached as **Exhibit 4**].[2]

15.    As referenced above, for diversity purposes, corporations are deemed citizens of their state of incorporation and the state where their principal place of business is located. 28 U.S.C. § 1332(c)(1). Therefore, for purposes of diversity, The Stewart/Perry Company, Inc. is a citizen of the State of Alabama.

16.    For examination under the requirements of 28 U.S.C. § 1332, the Plaintiff is and was at the time of commencement of this action and has been at all relevant times a citizen of the State of Ohio. Plaintiff was not at any relevant time a citizen of the States of Delaware, Texas, or Alabama.

17.    For that same examination, Defendant, Buc-ee's Smiths Grove, LLC, is now and as at the commencement of this action, and has been at all relevant times, a citizen of the States of

---

[2] According to the Alabama Secretary of State, The Stewart/Perry Company, Inc. is a former name of "The Stewart/Perry Company, LLC." [See **Exh. 4**.]

3

Delaware and Texas. Buc-ee's Smiths Grove, LLC was not, at any relevant time, a citizen of the State of Ohio or the State of Kentucky.

18.    For that same examination, Defendant, The Stewart/Perry Company, Inc., is now and as at the commencement of this action, and has been at all relevant times, a citizen of the State of Alabama. The Stewart/Perry Company, Inc. was not, at any relevant time, a citizen of the State of Ohio or the State of Kentucky.

19.    The diversity requirement of 28 U.S.C. § 1332 is therefore satisfied because Plaintiff, who has been at all relevant times a citizen of Ohio, is completely diverse from Buc-ee's Smiths Grove, LLC and The Stewart/Perry Company, Inc., each of whom has been at all relevant times a citizen of the States of Delaware, Texas, and Alabama.

20.    The undersigned has conferred with counsel for The Stewart/Perry Company, Inc., who consents to removal of this action.

21.    The amount in controversy requirement of 28 U.S.C. § 1332(a) is also satisfied, as this is a civil action where the matter in controversy more likely than not exceeds the sum or value of $75,000.00, exclusive of interest and costs.

22.    Where damages are not specified in the complaint, as here, the removing party has the burden of establishing by a preponderance of the evidence that it is more likely than not the amount in controversy exceeds $75,000.00. See, e.g., Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir. 2001).

23.    This is a civil action where the amount in controversy is not alleged to be a sum certain. The complaint seeks unliquidated and unspecified damages for past pain and suffering, future medical expenses, future pain and suffering, and punitive damages. [See Compl., at ¶ 28, 29, **Exh. 1**.]

24.    A case is removable on the face of the complaint only where the initial pleading contains "solid and unambiguous information that the case is removable." Berea v. Mesa Med. Grp., PLLC, 779 F.3d 352, 364 (6th Cir. 2015), citing Holston v. Carolina Freight Carriers Corp., No. 90-1358, 1991 U.S. App. LEXIS 14129, 1991 WL 112809, at *3 (6th Cir. June 26, 1991) (per curiam); see also Hollowell v. Dematic Corp., Civil Action No. 5:21-cv-00156-TBR, 2022 U.S. Dist. LEXIS 9337, at *11 (W.D. Ky. Jan. 19, 2022).[3]

25.    The Plaintiff's Complaint here did not contain concrete or "solid and unambiguous information" that the $75,000 minimum amount in controversy required for federal diversity jurisdiction was satisfied, and thus the case was not removable on the face of the complaint pursuant to 28 U.S.C. § 1446(a).

26.    Faced with ambiguity created on the face of the Complaint as to the amount in controversy, Stewart/Perry served Plaintiff with Interrogatories, one of which asked Plaintiff to "Pursuant to CR 8.01(2), please identify and list, with specificity, the amount of damages that Plaintiff is seeking to recover under each and every category or description of damages identified in your Complaint." [See The Stewart/Perry Company, Inc.'s Interrogatories to Plaintiff, attached as **Exhibit 5**].    On December 18, 2025, Defendants received Plaintiff's Responses to

---

[3] The Hollowell case provides a clear listing of considerations for Courts in the Sixth Circuit to consider regarding the propriety and timing of removal, specifically, that **concrete evidence** of the amount in controversy is required. See, e.g. Lobley v. Guebert, No. 5:16-CV-00202-TBR, 2017 U.S. Dist. LEXIS 41231, at *3 (W.D. Ky. Mar. 22, 2017) (holding that the "clock for removal" does not start ticking until "concrete evidence" of the damages is produced); Nagarajan v. Ostruskza, No. 5:12-CV-00091-TBR, 2012 U.S. Dist. LEXIS 149998, at *2-3 (W.D. Ky. Oct. 18, 2012) (citing Broderick v. Dellasandro, 859 F.Supp. 176, 178 (E.D.Pa.1994) (citations omitted)) (requiring *actual notice* that the amount in controversy requirement was met); Warren v. Sheba Logistics, LLC, No. 115CV00148GNSHBB, 2016 U.S. Dist. LEXIS 32097, at *2 (W.D. Ky. Mar. 14, 2016) (holding that the preponderance of the evidence standard "requires *evidence*"); Clark v. Kroger Ltd. P'ship I, No. 515CV00189GNSHBB, 2015 U.S. Dist. LEXIS 162140, (W.D. Ky. Dec. 3, 2015) (emphasizing that "speculation alone is insufficient to meet the amount in controversy requirement"); Minix v. Kawasaki Motors Corp., U.S.A., No. CIV.A. 09-90-ART, 2009 U.S. Dist. LEXIS 65312, at *2 (E.D. Ky. July 23, 2009) (stating that "competent proof [is] necessary to prove the amount-in-controversy requirement").

Stewart/Perry's Interrogatories, in which Plaintiff stated the following with regard to amounts sought:

    a. Past Medical Expenses: "To date, Plaintiff's counsel has received billing totaling **$17,453.69**. Please note that this figure does not include a portion of the billing associated with Plaintiff's injections. At the time of trial, Plaintiff's counsel does not expect this claim to exceed **$50,000** if the treatment continues to be conservative but reserves the right to further supplement this figure as additional billing is received and additional treatment is received.

    b. Future Medical Expenses: Plaintiff's counsel would not expect this claim to exceed **$250,000** but reserves the right to amend this number to conform with the evidence.

    c. Pain and Suffering: Plaintiff's counsel would not expect this claim to exceed **$750,000** but reserves the right to amend this number to conform with the evidence.

[See Plaintiff's Responses to The Stewart/Perry Company, Inc.'s Interrogatories, attached as **Exhibit 6** (emphasis added)].

27.    Based upon the foregoing, Defendants have now received concrete and unambiguous information that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, sufficient to meet the minimum amount in controversy requirement of 28 U.S.C. § 1332(a).

28.    This notice of removal is timely filed within thirty (30) days of receipt of Plaintiff's Responses to The Stewart/Perry Company, Inc.'s Interrogatories, which qualifies as an "other

paper" from which it may first be ascertained that the case is one which is removable.  28 U.S.C. § 1446(b)(3), (c)(3)A).

29.     This notice of removal is also timely filed less than one (1) year after the commencement of the state court action, which was filed on September 15, 2025.  28 U.S.C. § 1446(c).

30.     The District Courts of the United States, therefore, have original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  This action is removable to this District Court pursuant to 28 U.S.C. § 1441(a).  This District and Division constitute the appropriate forum to which this action should be removed, as the Warren Circuit Court is within the Bowling Green Division of this Court.  See LR 3.1(a)(2)(b).

31.     Venue is vested in this Court pursuant to 28 U.S.C. § 1391 since this is a civil action where jurisdiction is founded on diversity of citizenship and a substantial part of the events giving rise the claim occurred within the Western District of Kentucky.

32.     Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal will be promptly given to the adverse party, and a copy of this Notice of Removal will be filed with the Warren Circuit Clerk.  A copy of the notice to the Warren Circuit Clerk is attached as **Exhibit 7.**[4]

Accordingly, this action is hereby removed from the Warren Circuit Court to the United States District Court for the Western District of Kentucky Bowling Green Division.

---

[4] Additional documents filed with this Notice of Removal are the Rule 7.1(a)(2) Disclosure Form for Buc-ee's [**Exhibit 8**], the Rule 7.1 Diversity of Citizenship Disclosure for Buc-ee's [**Exhibit 9**].

Respectfully submitted,

STOLL KEENON OGDEN PLLC
400 W. Market Street, Suite 2700
Louisville, KY 40202
(502) 333-6000


By: /s/ M. Grant Grissom
    Matthew R. Parsons
    M. Grant Grissom


COUNSEL FOR DEFENDANT
BUC-EE'S SMITHS GROVE, LLC

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and accurate copy of the foregoing has been served to the following through electronic servic, this the 16th day of January, 2026:

Miles D. Mussetter
MUSSETTER LAW
600 West Main Street, Suite 500
Louisville, KY 40202
miles@mussetterlaw.com

COUNSEL FOR PLAINTIFF,
MICHELE STANLEY

Barry A. Rudell, II
MARKESBERY & RICHARDSON CO.,
L.P.A.
333 West Vine Street, Suite 300
Lexington, KY 40507
Rudell@m-r-law.com

COUNSEL FOR DEFENDANT, THE
STEWART/PERRY COMPANY, INC.

/s/ M. Grant Grissom
COUNSEL FOR DEFENDANT
BUC-EE'S SMITHS GROVE, LLC

4929-1919-1419.3